Gloria BYLINSKI, et al., Plaintiffs–
Appellants,

v.

THE CITY OF ALLEN PARK, et
al., Defendants–Appellees.

No. 98–1725.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 11, 1998.

Decided Jan. 25, 1999.*

Peter W. Macuga, II (argued and briefed), Macuga, Swartz & Little, Detroit, MI, for Plaintiffs–Appellants.

Charles N. Raimi (briefed), R. Craig Hupp (argued and briefed), Bodman, Longley & Dahling, LLP, Detroit, MI; Kenneth D. Kruse, Allen Park, MI, for Defendant–Appellee The City of Allen Park.

R. Craig Hupp (argued and briefed), Bodman, Longley & Dahling LLP, Detroit, MI; Victor T. Mitea, Taylor, MI, for Defendant–Appellee City of Ecorse.

Edward M. Zelenak (briefed), Lincoln Park, MI; Charles N. Raimi (briefed), R. Craig Hupp (argued and briefed), Bodman,

---

* This decision was originally issued as an "unpublished decision" filed on January 25, 1999. On March 5, 1999, the court designated the opinion as one recommended for full-text publication.

Longley & Dahling LLP, Detroit, MI, for Defendant–Appellee City of Lincoln Park.

Charles N. Raimi (briefed), R. Craig Hupp (argued and briefed), Bodman, Longley & Dahling LLP, Detroit, MI; David A. Bower, River Rouge, MI, for Defendant–Appellee City of River Rouge.

Charles N. Raimi (briefed), R. Craig Hupp (argued and briefed), Bodman, Longley & Dahling LLP, Detroit, MI; John F. Gilhool, Southgate, MI, for Defendant–Appellee City of Southgate.

Carl B. Downing, Sommers, Schwartz, Silver & Schwartz, Southfield, MI; Charles N. Raimi (briefed), R. Craig Hupp (argued and briefed), Bodman, Longley & Dahling LLP, Detroit, MI, for Defendant–Appellee City of Taylor, Michigan.

Before: NELSON, SILER, and DAUGHTREY, Circuit Judges.

DAUGHTREY, Circuit Judge.

This class action suit was brought originally in state court by a group of disgruntled taxpayers seeking a refund of taxes paid and an injunction against further taxation by the defendant municipalities, based on the plaintiffs' claim that the defendants lacked authority to levy taxes without the referendum required by a recent amendment to the Michigan state constitution. The defendants removed the action to federal court, on the ground that the taxes in question had been levied pursuant to a federal consent decree entered four years earlier. Because the district court found that it had continuing jurisdiction under the consent decree, the court denied the plaintiffs' motion to remand to state court and granted summary judgment to the defendants on the merits. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1994, the district court entered a consent decree in an action brought by the State of Michigan and the United States Environmental Protection Agency under the Clean Water Act, 33 U.S.C. §§ 1251 et seq., to remedy illegal discharges of raw sewage and other pollutants into Michigan waterways. Pursuant to that decree, Wayne County and certain down-river communities were directed to make cash contributions to a fund to update wastewater treatment facilities. The decree also effectively provided that communities unable to make the mandated payments would be required to increase taxes in order to meet their assessments. When a number of the municipalities were forced to levy taxes to ensure compliance with the court order, the citizen plaintiffs initiated this suit in Michigan state court for a refund of their increased tax payments and to enjoin further tax collections. The suit, however, was not filed until four years after entry of the consent decree in the federal action and three years after implementation of the actual tax levies. By that time, the renovation projects were 85 percent completed or contracted, and approximately $220 million in bonds had already been sold.

The defendant communities successfully removed the suit to federal court, alleging that the subject matter of the state court action was inextricably intertwined with the viability of the district court's 1994 consent decree. The district court granted summary judgment in favor of the defendants on the taxpayers' claims that the tax levies violated provisions of the Michigan constitution, finding (1) that the challenge to the constitutionality of the tax levies was barred by laches, (2) that the court had inherent power to enforce its judgments, and (3) that the Michigan state constitutional provision invoked by the plaintiffs was not applicable to the tax levies in question, because they were authorized under state statutes that predated the amendment to the state constitution.

## ANALYSIS

Before this court, the plaintiffs contend that the district court erred both in denying their motion for remand and in ordering the municipalities to raise taxes without a vote of the citizenry, allegedly in violation of a "tax revolt" provision of the state constitution.

### A. Jurisdiction

■ The district court correctly noted that implementation and enforcement of compliance with the 1994 consent decree gave it continued jurisdiction over the financing agreements that constituted an integral part of the order, citing *Vanguards of Cleveland*

 

*v. City of Cleveland,* 23 F.3d 1013, 1018 (6th Cir.1994). The court further found that the instant suit "poses an imminent threat to the integrity of the Financing Orders because it could adversely affect the financing mechanism in those orders." We agree.

■ We also agree that the district court correctly invoked 28 U.S.C. § 1651(a), the All Writs Act, which gives federal courts the "authority to remove an otherwise unremovable state court case in order to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *In re Agent Orange Prod. Liab. Litig.,* 996 F.2d 1425, 1431 (2d Cir.1993) (internal quotation marks omitted). It follows that the district court did not err in denying the plaintiffs' motion to remand to state court.

### B. Application of the Doctrine of Laches

■ In a detailed and well-reasoned opinion, the district court ordered summary judgment for the defendants on three alternative bases. Because we conclude that the challenge to the consent decree is barred by the doctrine of laches, we find it unnecessary to reach the question of the district court's inherent authority to order the levy of taxes in this case, and we decline to interpret the scope of the Michigan Constitution, an exercise better left to the Michigan state courts.

■ The doctrine of laches is an equitable principle that bars recovery in circumstances in which a plaintiff's delay in seeking a judicial remedy prejudices a defendant. To prevail, a party invoking this equitable principle "must show that plaintiffs unreasonably delayed in bringing suit and that [defendants] were prejudiced by this delay." *Environmental Defense Fund v. Tennessee Valley Auth.,* 468 F.2d 1164, 1182 (6th Cir.1972). In this case, the district court found that the plaintiffs had waited to initiate their action until after the municipal bonds to finance the court-ordered sewer project had been authorized, issued, and sold. As noted above, by the time the hearing occurred, the project was 85 percent complete, at a cost of over $200 million. The court further found that the plaintiffs had ample notice of the defendants' intent to implement the consent decree through the financing agreements contained in that order and yet did not file suit until three years after they received their first assessment. Finally, the court found that the defendants were obviously prejudiced by the delay, given the outlay of funds already expended and the near-completeness of the entire project. With this conclusion, we also agree.

### CONCLUSION

After a careful review of the briefs and the record in this case, and having had the benefit of oral argument, we are not persuaded that the district court erred in retaining jurisdiction and in deciding that the action was barred by laches. Moreover, because the reasons for dismissing the complaint against the defendants were fully articulated in the district court's opinions, we conclude that the issuance of another detailed opinion is unnecessary to the correct determination of this appeal. We therefore AFFIRM the judgment of the district court, as provided in its order and opinion denying plaintiffs' motion to remand, dated June 9, 1998, and its opinion and order granting defendants' motion for summary judgment of the same date.