**Captain Mark SWEENEY, Plaintiff,**

v.

**CITY OF STEUBENVILLE, et al., Defendants.**

**Nos. C2–01–322, C2–97–966.**

United States District Court, S.D. Ohio, Eastern Division.

June 15, 2001.

---

Michael W. Piotrowski, Akron, OH, for plaintiff.

S. Gary Repella, Law Director for the City of Steubenville, Steubenville, OH, for defendant.

## OPINION AND ORDER

SARGUS, District Judge.

This matter is before the Court for consideration of the following four motions:

Defendant's Motion to Consolidate this Case with Case No. C2–97–966, captioned United States of America v. City of Steubenville; the Defendant's Motion to Dismiss (Doc. # 3); the Plaintiff's Motion to Remand this case to the Jefferson County Court of Common Pleas (Doc. # 5); and the Motion of the United States of America to Intervene (Doc. # 12). For the reasons that follow, the Defendants' Motion to Consolidate is GRANTED. The Defendants' Motion to Dismiss is DENIED. The Plaintiff's Motion to Remand is DENIED. The Motion of the United States to Intervene is GRANTED.

## I.

On April 6, 2001, Captain Mark Sweeney of the Steubenville Police Department, Plaintiff herein, filed a Verified Complaint for Declaratory Judgment in the Jefferson County, Ohio Court of Common Pleas. The Complaint names as Defendants the City of Steubenville, together with Mayor Dominic Mucci, the Steubenville Civil Service Commission, three members of the Civil Service Commission, and Gary DuFour, City Manager. The single count Complaint seeks a declaration that provisions of Ohio law, specifically Ohio Revised Code Section 124.44, prohibit the appointment of a person to the position of police chief from outside the ranks of the Steubenville Police Department. It is undisputed that the Complaint is limited to alleged violations of Ohio law by the various Defendants. On the same day the Complaint was filed, the Jefferson County Court of Common Pleas issued a temporary restraining order directing the named Defendants to follow Chapter 124 of the Ohio Revised Code.

On April 10, 2001, all Defendants joined the Notice of Removal transferring the case to this Court. The Notice includes the following:

6. On September 3, 1997, this Court entered a Consent Decree in *United States v. City of Steubenville Police Department,* No. C2–97–966, resolving the United States' claims pursuant to 28 U.S.C. § 1441 that the Steubenville Police Department is engaging in a pattern or practice of conduct that deprives persons of rights, privileges, or immunities secured and protected by the Constitution and the laws of the United States.

7. The above-mentioned Consent Decree was signed by United States District Judge George C. Smith.

8. Paragraph 80 of the Consent Decree states in pertinent part as follows (emphasis added):

> Because peculiar and exceptional qualifications of a managerial and professional character are required, and because competition in such special case is impracticable and the position can best be filled by selection of a person of high and recognized attainments, pursuant to the provisions of Ohio law, *when a vacancy occurs in the position of Chief of Police, the City shall suspend the provisions of Ohio Revised Code Sections 124.01 to 124.64.*

9. The sole purpose and effect of plaintiff's complaint is to challenge paragraph 80 of the Consent Decree. Indeed, the Temporary Restraining Order issued in the above-captioned case places defendants in the untenable position of being forced to violate either an Order of this Court in the form of the Consent or the Temporary Restraining Order of the state court.

10. Because the relief sought in plaintiff's claim is directly contrary to an Order of the federal court, this Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331, and the action may therefore be removed to this Court pursuant to 28

U.S.C. § 1441(b). *Sable v. General Motors Corp.*, 90 F.3d 171, 174 (6th cir. 1996) (removal appropriate where plaintiff sought a remedy "in direct conflict with a federal consent decree").

Following removal, the four motions outlined above were filed. All are ripe for determination.

## II.

█ Because the Plaintiff's Motion to Remand challenges jurisdiction, this Court must first determine whether it has subject matter jurisdiction to proceed or whether the case should be remanded to the Jefferson County Court of Common Pleas. This Court has original jurisdiction over two general types of cases, one being suits involving diversity of citizenship under 28 U.S.C. § 1332, and the other involving cases raising federal questions under the Constitution, treaties or laws of the United States, 28 U.S.C. § 1331. It is undisputed that this Court's jurisdiction may not be invoked in this case on the basis of diversity of citizenship, since all parties are from the State of Ohio.

The Plaintiff argues that since his complaint contains no allegations or references to federal law and does not claim a violation of the United States Constitution, that remand of this action is appropriate. Generally, such jurisdiction exists only when a federal question is presented on the face of the well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391–92, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Thus, the fact that a defense to a claim may implicate a federal law does not generally render the case removable to federal court. *Jefferson County v. Acker*, 527 U.S. 423, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999).

The Defendants contend that this Court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651, which states, in part:

The Supreme Court and all Courts established by act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

According to the Defendants, the relief sought by the Plaintiff in state court, if granted, would directly contravene provisions of the consent decree issued by this Court on September 3, 1997 in Case No. C2–97–966.

Plaintiff's Complaint seeks a declaration that the Steubenville Police Department may not hire a police chief from outside the department. (Complaint ¶ 14). Further, the Plaintiff contends that the City of Steubenville has not taken lawful action to modify the provisions of O.R.C. § 124.44, in violation of Ohio law.

This issue was specifically addressed in the Consent Decree entered into by the City of Steubenville and the United States of America. Paragraph 80 of the Consent Decree issued by Judge George Smith of this Court, states in its entirety:

Because peculiar and exceptional qualifications of a managerial and professional character are required, and because competition in such special case is impracticable and the position can best be filled by selection of a person of high and recognized attainments, pursuant to the provisions of Ohio law, when a vacancy occurs in the position of Chief of Police, the City shall suspend the provisions of Ohio Revised Code §§ 124.01 to 124.64. Selection of a new Chief of Police shall be conducted in accordance with the following provisions:

a. A written and/or oral competitive examination may be part of the selection process. The search and selection process proposed by the city, including any competitive exam, must be reviewed by the indepen-

dent auditor and approved by the United States.

b. The City shall search (or shall contract with a qualified search organization) for a Chief who is qualified to implement this Decree and its objectives, and shall select a Chief with sufficient expertise. Candidates who are already employed by the SPD at the time of the search shall receive preference in the hiring process for Chief of Police. The degree of preference will be one provision of the selection process developed as set out in subparagraph a.

c. Officers who are employed by the SPD on the effective date of this decree and who would otherwise be eligible to sit for a competitive exam for the position of Chief of Police, at the time of selection, need not meet the education qualification set out in subparagraph d, below, in order to be eligible for selection.

d. Mandatory qualifications, except as set out in subparagraph c, shall include a four year college degree, appropriate administrative experience, and a demonstrated commitment to police excellence.

e. The salary offered to any new Chief of Police shall be commensurate to his or her experience and qualifications.

It is clear from the language of the Consent Decree that the United States of America and the City of Steubenville agreed to depart from the requirement under Ohio law that the position of Police Chief be filled by an applicant currently in the same police department. Ohio law provides in § 124.44 that, "No position above the rank of patrolman in the police department shall be filled by original appointment. Vacancies in positions above the rank of patrolman in a police department shall be filled by promotion from among persons holding positions in a rank lower than the position to be filled."

Notwithstanding this provision of Ohio law, an exception is provided in O.R.C. § 124.30(B) which allows a waiver of promotion from within "[I]n case of a vacancy in a position in the classified service where peculiar and exceptional qualifications of a scientific, managerial, professional, or educational character are required ..." It is no coincidence that the Consent Decree refers to the Chief of Police position as requiring "peculiar and exceptional qualifications," the same language used in O.R.C. § 124.30(B). Further, the Consent Decree specifically requires the City to suspend the provisions of Chapter 124, pursuant to the conditions set forth in O.R.C. § 124.30(B), in the appointment of a new Chief of Police. Based upon the foregoing, the Court has no difficulty concluding that the relief sought in Plaintiff's Complaint is in direct conflict to the Consent Decree issued by this Court in 1997.

In *Bylinski v. City of Allen Park*, 169 F.3d 1001, 1002 (6th Cir.1999), certain taxpayers brought an action for a refund of property taxes imposed by the City of Allen Park as a condition of a consent decree which it entered into with the U.S. Environmental Protection Agency. Several years later, the taxpayers brought an action in State Court alleging that the tax had been imposed in violation of Michigan law. The municipality removed the case to federal court alleging that the relief sought in the state court action would vitiate the validity of the district court's 1994 consent decree. The Court of Appeals held:

We also agree that the district court correctly invoked 28 U.S.C. § 1651(a), the All Writs Act, which gives federal courts the "authority to remove an otherwise unremovable state court case in

order to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *In re Agent Orange Prod. Liab. Litig.*, 996 F.2d 1425, 1431 (2nd Cir.1993) (internal quotation marks omitted). It follows that the district court did not err in denying the plaintiffs' motion to remand the state court.

*Id.* at 1003.

Similarly, in *Sable v. General Motors*, 90 F.3d 171 (6th Cir.1996) the administrator of an estate filed a complaint in state court alleging under state law that the defendants had trespassed upon land owned by the estate and had placed hazardous material on the property. The defendants contended that their entry upon the land was done pursuant to a consent decree entered into by the estate's decedent and subject to a continuing order from the U.S. District Court. The estate thereupon filed a motion to remand the case to state court claiming, as has Plaintiff in this case, that the complaint raised issues relating only to state law.

The Court of Appeals disagreed and concluded:

Understood in this way, plaintiffs' complaint seeks a remedy that is in direct conflict with the federal consent decree. Defendants entered a consent agreement in which they agreed to spend $40 million to contain chemicals on the property. The consent decree specifically rejects the option of removing the chemicals. Since plaintiff seeks relief that

conflicts with the consent decree, plaintiffs' claim arises under federal law.

*Id.* at 174.

The Sixth Circuit reached the same conclusion in *Striff v. Mason*, 849 F.2d 240, 244 (6th Cir.1988). *See also United States v. City of New York*, 972 F.2d 464 (2nd Cir.1992); *N.A.A.C.P. v. Metropolitan Council*, 144 F.3d 1168 (8th Cir.), *cert. denied*, 525 U.S. 826, 119 S.Ct. 73, 142 L.Ed.2d 57 (1998); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855 (2nd Cir.1988); *Xiong v. State*, 195 F.3d 424, 426 (8th Cir.1999).

In this case, the Consent Decree specifically provides at Paragraph 96:

The Court shall retain jurisdiction of this action for all purposes during the term of this Decree. At any time after *both* five years have elapsed since the date of entry of this Decree, *and* substantial compliance has been maintained for no less than two years, the City may move to dismiss this Decree ... [emphasis in original]

The Court concludes that the Decree entered on September 3, 1997 in Case No. C2–97–966 provides for continuing jurisdiction in this Court for the enforcement of the Order. Further, the relief sought by the Plaintiff, although framed solely in terms of state law, directly challenges a specific provision of the Consent Decree. Consequently, based upon the foregoing, the Court concludes that it has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1651(a). For these reasons, the Plaintiff's Motion to Remand is DENIED.[1]

1. The Court notes that the Notice of Removal filed by the Defendants does not specifically reference the All Writs Act, 28 U.S.C. § 1653 and instead cites only 28 U.S.C. § 1331. A defendant moving a case to federal court must state the basis for removal jurisdiction within the 30 day period provided for removal. While the issue has not been raised by the Plaintiff, the Court notes that the removal

petition makes specific reference to portions of the Consent Decree which the Defendants claim are in conflict with the relief sought by the Plaintiff in his state court action. Further, the Defendants' Notice cites the case of *Sable v. General Motors, supra,* which addresses the All Writs Act and its application to cases involving lawsuits brought in state court which would undermine or conflict with pro-

## III.

■ In light to this Court's findings that the relief sought by Plaintiff's Complaint, if granted, would conflict with the Consent Decree issued in the case of *United States v. City of Steubenville, et al.,* C2–97–966, the Defendant's Motion to Consolidate is **GRANTED.** It is therefore **ORDERED** that the case of *Captain Mark Sweeney v. City of Steubenville, et al.,* C2–01–322 be consolidated with the case of *United States v. City of Steubenville, et al.,* Case No. C2–97–966. The consolidated matter will be entertained by the undersigned.

## IV.

■ The United States of America seeks to intervene in this consolidated action as a matter of right under Fed. R.Civ.P. 24(a), or, alternatively, by permissive intervention pursuant to Fed.R.Civ.P. 24(b).

Rule 24(a) states:

**Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Under Rule 24(a), the Sixth Circuit has held that intervention as a matter of right is established when the following four elements have been satisfied:

1. The Motion to Intervene is timely;

2. The proposed intervenors have a significant legal interest in the subject matter of the pending litigation;

3. The disposition of the action may impair or impede the proposed intervenors ability to protect their legal interests; and

4. The parties to the litigation cannot adequately protect the proposed intervenors' interest.

*Stupak–Thrall v. Glickman,* 226 F.3d 467, 471 (6th Cir.2000); *Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir.1990). The Court will consider each of these four elements, *seriatum.*

The United States' Motion to Intervene was filed on June 1, 2000. While this case is proceeding on an expedited basis, briefing on the pending motions has recently closed while no determination has been made with respect to the merits of the case. With regard to timeliness only, no prejudice will result to any party if the United States is permitted to intervene.

The United States also contends that it has a significant legal interest in the subject matter of the pending litigation. As the Court has already determined, the state court action filed by Plaintiff Mark Sweeney seeks relief in direct contravention of the Consent Decree previously issued by this Court in a case brought by the United States. Clearly the United States retains an interest in the continuing enforcement of the Consent Decree. Thus, the Court concludes that it has a significant legal interest in the subject matter of this case to warrant intervention as of right.

visions of federal consent decrees. Thus, this Court is satisfied that the Petition for Removal more than adequately sets forth the All Writs Act as a basis for federal question jurisdiction.

The United States also contends that disposition of this case, in the absence of its participation, could impair or impede its ability to enforce the terms of the Consent Decree. While the City of Steubenville and the individual Defendants may also have an interest in enforcing the terms of the Decree, the Court cannot conclude that their interests are the same as the interest of the United States. Further, the Court notes that the Consent Decree was reached in the context of a lawsuit brought by the United States; if the Defendants had the same interest as the United States, the bringing of an action and the filing of a Consent Decree would not have been necessary. In short, the Court cannot conclude that prior adversaries who have reached a Consent Decree share identical interests in enforcing various terms and provisions of such continuing Order. Consequently, the Court concludes that the United States has interests which may not be protected or which could be impaired in the course of this litigation.

Finally, the Court must consider whether the parties currently named in this case may adequately protect the interests of the United States. The Consent Decree issued in this case was agreed to by the City of Steubenville and the United States. The very terms of the Decree indicate that the parties anticipated ongoing enforcement issues as well as the need for a lengthy term in which the jurisdiction of this Court was retained. (See Consent Decree at ¶¶ 95–97). Because the parties expressly anticipated future conflicts or disagreements, the Court must assume that their interests in enforcing the Consent Decree are not identical. Obviously, the interest of Plaintiff Mark Sweeney is in direct contravention of the interests of the United States. Consequently, the Court concludes that the interests of the United States are not adequately protected with regard to the integrity of the

Consent Decree, should this case proceed in the absence of the Government's participation.

Based upon the foregoing, the Court concludes that the United States is entitled to intervene as a matter of right. Alternatively, the Court agrees that the United States is otherwise entitled to intervene on a permissive basis pursuant to Fed. R.Civ.P. 24(b) which states:

**Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirements, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The Court finds that under Fed.R.Civ.P. 24(b), intervention will not unduly delay or prejudice the adjudication of this case and will adversely effect the rights of the original parties.

For these reasons, the Motion of the United States to Intervene is GRANTED.

## V.

The Defendants move to dismiss the Complaint filed by Plaintiff Mark Sweeney on the grounds of *res judicata* and *laches*. The doctrine of *res judicata,*

which essentially prohibits relitigation of issues previously adjudicated, was recently described by the Sixth Circuit in *Becherer, et al. v. Merrill Lynch*, 193 F.3d 415, 422 (6th Cir.1999) *(en banc):*

> Res judicata bars a subsequent action "if the following elements are present: (1) a final decision on the merits by a Court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

*Id.*, quoting *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir.1997).

In this case, it is undisputed that a final decision was reached by Judge Smith with regard to the Consent Decree entered in 1997. It is also undisputed that the issues raised in the Complaint filed by Plaintiff Mark Sweeney were the specific subject of a portion of the Consent Decree, as set forth above. Finally, the issues that Plaintiff raises in his state cause of action were precisely addressed in the Consent Decree previously entered.

Plaintiff Sweeney contends, however, that he may not be bound by the terms of the Consent Decree in that he was not a party or in privity with a party to such judgment.[2] The Sixth Circuit has identified three types of litigants who, under the concept of privity, may be bound by a prior judgment, even though such litigants were not actual parties to the prior suit. *Becherer*, 193 F.3d at 423. The first involves litigants who are successors in in-

terest, such as the estate of a decedent who, before death, was a party in the prior adjudication. The second involves a nonparty who controlled the earlier lawsuit. Both of these categories of litigants are bound by a prior adjudication, even though they were not actual parties to the suit. Plaintiff Mark Sweeney fits neither of these categories.

The third category is that of a nonparty who was adequately represented by a party in the prior litigation. While Plaintiff Mark Sweeney is a member of the FOP, which attempted intervention in the earlier of these two consolidated cases, the fact remains that the FOP's Motion to Intervene was denied. Since the FOP was not a party in the prior lawsuit which resulted in the Consent Decree, neither it, nor one of its members, may be bound by the doctrine of *res judicata.*

In *Martin v. Wilks*, 490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989) (superseded by statute), certain white firefighters brought an action alleging that they were being denied promotion in favor of less qualified minority applicants. The District Court found that a prior consent decree which required hiring and promoting minorities precluded the subsequent action filed by the white firefighters. Further, before the original consent decree was entered, the union representing the firefighters attempted to intervene and object to the same provisions of the consent decree—on the same basis asserted in the later action. The District Court had denied intervention in the earlier suit in which the consent decree was issued. The Supreme Court held:

**2.** While in his Complaint Plaintiff Sweeney refers to himself as a member of the Steubenville Police Department, his counsel has signed a Complaint as the general counsel for the Fraternal Order of Police. The fact that the Plaintiff may be a member of FOP Lodge # 1 in Steubenville is not, in the Court's view,

determinative of the issue presented. While the Steubenville Lodge of the FOP attempted intervention in the suit filed by the United States of America, such intervention was denied. Consequently, the FOP cannot be bound by the doctrine of *res judicata.*

A voluntary settlement in the form of a consent decree between one group of employees and their employer cannot possibly "settle," voluntarily or otherwise, the conflicting claims of another group of employees who do not join in the agreement.

*Id.* at 768, 109 S.Ct. 2180. Similarly, in *Local No. 93, Intl. Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 529, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986), the Court held that a District Court's approval of a consent decree cannot dispose of valid claims of nonconsenting intervenors.

Following the decision in *Martin v. Wilks, supra,* Congress, in 1991, amended federal employment discrimination laws contained in Title VII by adding the provisions set forth in 42 U.S.C. § 2000e–2(n).[3] While this provision of federal law does not apply to this case, the procedure set forth therein illustrates the principle that only parties to suits, or persons with at least proper notice and an opportunity to be heard, may be bound by a consent decree. Under the amendment to Title VII, a procedure is provided whereby actual notice of a proposed judgment or consent decree may be submitted to any person who might be adversely affected thereby. Further, an opportunity must be made available for such person to present objections before entering of the order. The procedure is designed to provide full opportunity to be heard by all parties affected by a proposed consent decree, while at the

---

**3.** (n) Resolution of challenges to employment practices implementing litigated or consent judgments or orders

(1)(A) Notwithstanding any other provision of law, and except as provided in paragraph (2), an employment practice that implements and is within the scope of a litigated or consent judgment or order that resolves a claim of employment discrimination under the Constitution or Federal civil rights laws may not be challenged under the circumstances described in subparagraph (B).

(B) A practice described in subparagraph (A) may not be challenged in a claim under the Constitution or Federal civil rights laws—

(i) by a person who, prior to the entry of the judgment or order described in subparagraph (A), had—

(I) actual notice of the proposed judgment or order sufficient to apprise such person that such judgment or order might adversely affect the interests and legal rights of such person and that an opportunity was available to present objections to such judgment or order by a future date certain; and

(II) a reasonable opportunity to present objections to such judgment or order; or

(ii) by a person whose interests were adequately represented by another person who had previously challenged the judgment or order on the same legal grounds and with a similar factual situation, unless there has been an intervening change in law or fact.

(2) Nothing in this subsection shall be construed to—

(A) alter the standards for intervention under rule 24 of the Federal Rules of Civil Procedure or apply to the rights of parties who have successfully intervened pursuant to such rule in the proceeding in which the parties intervened;

(B) apply to the rights of parties to the action in which a litigated or consent judgment or order was entered, or of members of a class represented or sought to be represented in such action, or of members of a group on whose behalf relief was sought in such action by the Federal Government;

(C) prevent challenges to a litigated or consent judgment or order on the ground that such judgment or order was obtained through collusion or fraud, or is transparently invalid or was entered by a court lacking subject matter jurisdiction; or

(D) authorize or permit the denial to any person of the due process of law required by the Constitution.

(3) Any action not precluded under this subsection that challenges an employment consent judgment or order described in paragraph (1) shall be brought in the court, and if possible before the judge, that entered such judgment or order. Nothing in this subsection shall preclude a transfer of such action pursuant to section 1404 of Title 28.

same time preventing collateral attack upon the same decree.

As noted in *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir.1996), under either *Wilks* or 42 U.S.C. § 2000e–2(n), persons must either be a party or be given notice as required by statute and an opportunity to object before a consent decree under Title VII may bind such person under the doctrine of *res judicata*. The Court in *Edwards* cited *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S.Ct. 115, 85 L.Ed. 22 (1940), for the proposition that a person prevented from intervening as a party may not be bound by the results of the action. *Edwards*, 78 F.3d at 998 n. 19.

From this, the Court concludes that the Plaintiff is not bound by the doctrine of *res judicata* as a result of the consent decree previously entered. The doctrine of *res judicata* does not, therefore, require dismissal of the complaint. Such conclusion does not, however, address the issue of whether the consent decree is permissible under federal law or whether, under Ohio law, the City of Steubenville may waive the requirements of O.R.C. § 124.44 as permitted by § 124.30(B) or conflicts with the Charter of the City of Steubenville. The parties have not briefed this issue and the matter is not ready for determination.

The Defendants also claim that the lawsuit filed by Plaintiff Mark Sweeney should be barred by the doctrine of *laches*. According to the Defendants, Plaintiff Sweeney has been aware of the provisions of the Consent Decree since 1997 and, through inaction, should now be barred from pursuing a stale claim. While the doctrine of *laches* may prevent equitable or declaratory relief, such a finding can only be based upon specific facts which, at this juncture, are not before the Court. The Defendants have submitted as an attachment to their Reply Memorandum a number of documents relating to prior meetings of the City Council, evaluations of potential police candidates, including the Plaintiff, and other factual matters relating to timeliness. Such factual claims may not be considered in a Motion to Dismiss made pursuant to Fed.R.Civ.P. 12(b)(6). The Defendants' motion simply challenges the sufficiency of the pleadings at this stage and the Court is not permitted to resolve disputed facts. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). Further, the Court notes that the documents submitted by the Defendants are attached to their reply and that the Plaintiff has not had an opportunity to respond. Unless the parties can stipulate to the facts relevant to this issue, the matter must be resolved by way of a subsequent Motion for Summary Judgment or by trial.

Based upon the foregoing, the Defendant's Motion to Dismiss the Complaint to Plaintiff Mark Sweeney is DENIED.

## VI.

In light of the foregoing, the Defendants' Motion to Consolidate (Doc. # 2) is **GRANTED.** The Defendants' Motion to Dismiss (Doc. # 3) is **DENIED.** The Plaintiff's Motion to Remand (Doc. # 5) is **DENIED.** The Motion by the United States to Intervene (Doc. # 12) is **GRANTED.**

**IT IS SO ORDERED.**