# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3740

_____

|  |  |  |
|---|---|---|
| Lee Xiong; Housa Xiong; Sue Xiong, by Their Next Friends Dan Xiong and Ong Xiong; Misael Romero; Erwin Romero, by Their Next Friend Celia Hinajosa; Robin Louise Thomas, by Her Next Friend, Pauline Thomas; David Mann, by His Next Friends Doug and Linda Mann; Neng Her; Mor Her; Sue Her; Math Her; Pheng Her, by Their Next Friend, Chia Chue Her; Edwardo Reyes, by His Next Friend, Martha Reyes; Chao Lor, by His Next Friends Vang Lor and Mee Thao; Xue Yang; Bao Yang; Khue Yang, by Their Next Friends Thai Yang and Ying Lor; Rosaura Flores; Claudia Flores, by Their Next Friend Maria Flores; Chao Xiong; Pheng Xiong; Xee Xiong, by Their Next Friend Coua Vang; Wa Vang; Tou Xay Vang; Kia Vang; Tou Tue Vang; Kou Vang; Kao Vang; Chu Nou Xiong, by Their Next Friend Ja Yer Xiong; Jenna Rubio; Yesnea Rubio, by Their Next Friend Adela Chacon; Ken Morris, | * * * * * * * * * * * * * * * * * * * * * * * | |
|  | * | Appeal from the United States |
|  | * | District Court for the District |
|  | * | of Minnesota |
|  | * | |
|  | * | |
| Plaintiffs-Appellees, | * | |
|  | * | |
| v. | * | |
|  | * | |
| State of Minnesota; Jesse Ventura, Governor, State of Minnesota; | * * | |

Minnesota State Board of Education;    *
Jeanne Kling, Acting President and Vice *
President; Nedra Wicks; Susan       *
Holderness; Carmen Robles; Wendell   *
Maddox; George Jernberg; Tom      *
Peacock; Jim Bartholomew, Members of *
the Minnesota State Board of Education; *
Minnesota Department of Children,    *
Families, and Learning; Christine Jax,   *
Commissioner of Minnesota Department *
of Children, Families, and Learning;    *
Minnesota Senate; Allan H. Spear,     *
President of the Minnesota Senate; The   *
Seventy-Seventh Minnesota State House *
of Representatives; Phil Carruthers,    *
Speaker of the Minnesota House of     *
Representatives;                     *
                              *
        Defendants,          *
                              *
Metropolitan Council, A Public Body   *
Corporate and Politic,            *
                              *
     Defendant-Appellant. _____ *_____

Submitted: October 21, 1999

Filed: November 8, 1999
_____

Before BEAM, FAGG, and HANSEN, Circuit Judges.
_____

FAGG, Circuit Judge.

Representatives of a class of Minneapolis school children brought this action in Minnesota state court against the state, state officials, and the Metropolitan Council,

an administrative agency that coordinates planning and development in the Minneapolis-St. Paul area. The lawsuit alleges the Minneapolis public schools are segregated on the basis of race and socioeconomic status. The claims against the Metropolitan Council assert the alleged segregation is the product, in part, of the Council's housing and transportation policies and practices. The Metropolitan Council removed the case to federal district court under the All Writs Act, 28 U.S.C. § 1651(a), which gives federal courts power "to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." United States v. New York Tel. Co., 434 U.S. 159, 172 (1977). The Metropolitan Council asserted the plaintiffs' claims against it were identical to claims brought, settled, and released by "plaintiffs and/or their privies" in an earlier action called Hollman v. Cisneros. The consent decree in Hollman bars all parties from relitigating any matters alleged in that action, and the federal district court in Hollman retained jurisdiction to supervise compliance with the decree's provisions until the year 2002. The Metropolitan Council asserted that removal to federal court is necessary to prevent frustration of the Hollman consent decree and thus is permissible under § 1651(a).

The plaintiffs moved to remand to state court, asserting their claims against the Metropolitan Council differ from the claims asserted in Hollman in a variety of ways. The district court concluded that the plaintiffs' "claims in this case are identical to those settled and released in Hollman," but concluded § 1651 removal was improper anyway. The district court acknowledged our contrary conclusions about the propriety of removal in NAACP v. Metropolitan Council, 125 F.3d 1171, 1173-75 (8th Cir. 1997) (NAACP I), vacated and remanded for reconsideration, 118 S. Ct. 1162 (1998), reinstated after remand, 144 F.3d 1168 (8th Cir. 1998) (NAACP II). In those cases, as in this one, the plaintiffs sought state injunctive relief against the Metropolitan Council "concerning the very matters the Hollman decree governs." NAACP I, 125 F.3d at 1173. We held that under § 1651, the district court had jurisdiction to prevent frustration of the consent decree in Hollman, over which the district court had independent jurisdiction. See NAACP I, 125 F.3d at 1173; NAACP II, 144 F.3d at

1171. The district court in this case rejected our holdings in NAACP I and NAACP II, noting a petition for writ of certiorari was pending. Disregarding our controlling precedent and coming to the opposite conclusion that § 1651 did not permit the exercise of jurisdiction over the case, the district court granted the plaintiffs' motion to remand all claims against all defendants. Three weeks later, contrary to the district court's apparent expectation, the Supreme Court denied the plaintiff's petition for writ of certiorari in NAACP II. See 119 S. Ct. 73 (1998).

The Metropolitan Council appeals the remand order. See In re Otter Tail Power Co., 116 F.3d 1207, 1212 n.4 (8th Cir. 1997) (remand reviewed on direct appeal rather than by mandamus). The plaintiffs move to dismiss the appeal for lack of jurisdiction. We conclude we have jurisdiction to review the district court's order and reverse.

To support their assertion that we lack jurisdiction to review the remand order, the plaintiffs rely on 28 U.S.C. § 1447(d). This section forecloses our review of an order remanding a case to state court based on a lack of subject matter jurisdiction at the time of removal. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995); In re Otter Tail Power Co., 116 F.3d at 1212 n.5; Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 223 (3d Cir. 1995). When a district court remands a properly removed case on grounds the court lacks authority to consider, however, § 1447(d) does not bar review. See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976). In deciding whether a remand order is reviewable, we look beyond the district court's stated reasons for the remand and independently examine the record to determine the actual grounds or basis. See Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 624 (8th Cir. 1997), cert. denied, 118 S. Ct. 852 (1998); In re Otter Tail Power Co., 116 F.3d at 1212-14.

In its remand decision, the district court recognized the issue was "whether a federal court can exercise jurisdiction over a state action pursuant to the All Writs Act if the state action frustrates a previous order by the federal court." Although we had

already answered the question affirmatively in NAACP I and NAACP II, the district court ignored this controlling precedent and made its own directly conflicting determination that removal was improper under the All Writs Act and that the court thus "lack[ed] jurisdiction to hear [the] case." The district court had no power to replace governing circuit law with its own view. See BPS Guard Servs. v. NLRB, 942 F.2d 519, 524 (8th Cir. 1991) (Eighth Circuit holdings on issues bind all district courts in the circuit and district courts must follow those holdings until reversed by the Eighth Circuit en banc or the United States Supreme Court); see also Thermtron, 423 U.S. at 351 (district courts cannot remand contrary to federal law governing removal then avoid review of remand order). Given our decisions in NAACP I and NAACP II, there was simply no jurisdictional question to be resolved once the district court decided the plaintiffs' claims were identical to those settled and released in Hollman. See Aliota v. Graham, 984 F.2d 1350, 1357 (3d Cir. 1993). At that point, our case law dictated that jurisdiction was proper at the time of removal. Because the district court remanded a properly removed cause on grounds the court lacked authority to consider, the remand order is reviewable on appeal. See Thermtron, 423 U.S. at 351. We thus deny the motion to dismiss the appeal for lack of jurisdiction.

Turning to the merits, we conclude the district court committed error in remanding the claims against the Metropolitan Council because federal court control of the current case is necessary to effectuate and prevent the frustration of the earlier federal consent decree in Hollman. See New York Tel. Co., 434 U.S. at 172. We held in NAACP I and NAACP II that removal of the same claims was appropriate under the All Writs Act to protect the integrity of the Hollman consent decree. The plaintiffs assert their claims are different from those raised in Hollman because, among other things, the claims allege violations over a later time period. We agree with the district court that the alleged differences are immaterial and the plaintiffs' claims against the Metropolitan Council in this case "are identical to those settled and released in Hollman." Because the Hollman court issued a decree redressing those claims and retaining jurisdiction to supervise compliance until the year 2002, federal courts have

authority over the claims, even if based on later occurrences, until the consent decree expires.

We thus reverse the district court's order remanding the plaintiffs' claims against the Metropolitan Council and remand with directions to dismiss those claims with prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.