**Christopher W. STRIFF,
Plaintiff–Appellant,**

v.

**John MASON, et al.
Defendants–Appellees.**

No. 87–3220.

United States Court of Appeals,
Sixth Circuit.

Submitted March 21, 1988.

Decided June 16, 1988.

---

Lorin J. Zaner, on brief, Zaner & Cimerman, Toledo, Ohio, for plaintiff-appellant.

Gregory T. Merritt, on brief, Sheldon M. Rosen, Toledo, Ohio, for defendants-appellees.

Before LIVELY and GUY, Circuit Judges; COHN, District Judge.[*]

LIVELY, Circuit Judge.

This appeal presents two questions. The first is whether this case was properly removed from a state court to the United States District Court. If we determine that the district court was correct in upholding removal and denying a motion to remand, we reach the question of whether the removed action was properly dismissed as a collateral attack on a consent decree previously approved and entered by the district court.

I.

Since at least 1972 there have been efforts to eliminate racial discrimination in the recruitment, hiring and promotion practices of the fire and police departments of Toledo, Ohio. District Judge Don J. Young has heard and decided many cases brought to achieve these purposes. In *Afro American Patrolmens League v. Duck*, 503 F.2d

[*] The Honorable Avern Cohn, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

294 (6th Cir.1974), this court affirmed the district court's finding of discrimination in the promotion practices of the police department. In *Sarabia v. Toledo Police Patrolman's Ass'n*, 601 F.2d 914 (6th Cir. 1979), we upheld the entry and implementation of a consent decree related to hiring of recruits by the police department. See also *Brown v. Neeb*, 644 F.2d 551 (6th Cir.1981), which upheld a district court injunction prohibiting layoffs of minority fire fighters hired pursuant to a consent decree that paralleled the decree for police hiring affirmed in *Sarabia*.

The present appeal is related to a recently entered consent decree that controls promotions within the police department. Early in this litigation the district court found that the police department's longstanding practice of promoting on the basis of the "rule of three"[1] discriminated against minority candidates for command positions. This court concluded that the district court did not exceed its authority in suspending the rule of three. *Sarabia*, 601 F.2d at 918. On March 27, 1986, the civil service commission adopted the "banding" method of selection for promotion to replace the rule of three. Under the banding method, the "band" or group eligible for promotion is ranked on test scores, and is not limited to the candidates with the three highest scores. This promotion method results in an expansion of the eligibility list.

A test for promotion to lieutenant was given on February 22, 1986, and the plaintiff in this action, Christopher W. Striff, who made the highest score was ranked number one, providing the starting point for the "banded" eligibility list. Before the promotions were made, however, Striff received a reprimand and the chief of police requested that his name be removed from the eligibility list. The civil service commission subsequently adopted a new procedure on December 16, 1986, which provided that if a candidate whose score forms the basis for a band is found unsuitable for promotion, the band will be adjusted so as to be predicated on the next highest score

of an eligible candidate. The officer removed from the band remains eligible for future promotion, but his score no longer establishes the band.

While the above events were taking place, the parties in the thirteen-year-old litigation concerning hiring and promotion in the police department were moving toward a final settlement. Judge Young had retained jurisdiction over the original action, which was pending in 1986 as *Afro-American Patrolmen's League v. Mason*, district court case number 73–327. On June 30, 1986, the parties lodged a proposed consent decree in No. 73–327 with the district court. Following notice and hearing Judge Young approved the consent decree and it was entered on December 22, 1986. The consent decree directed the city and the civil service commission to replace the rule of three with an alternative selection device that will have the purpose of expanding "the total number of black and hispanic individuals certifiable for promotion to each command vacancy that arises." While the decree did not specify banding as the method to be used, this method had been selected earlier by the civil service commission with the knowledge of the plaintiffs. The consent decree also set goals for promotions of black and hispanic officers to the ranks of sergeant and lieutenant within four years and approved affirmative action devices for achieving these goals.

## II.

### A.

On January 10, 1987, the Toledo Chief of Police recommended four officers, not including Striff, for promotion to lieutenant. He followed the banding method implicitly approved by the consent decree, and the commission's newly adopted procedure for replacing unsuitable candidates. On January 15 Striff filed the present action in a state court. In his verified complaint he stated that the civil service commission had

---

**1.** Under the rule of three, the civil service commission certified the names of the three highest candidates on the eligibility list for each position to be filled. Each appointment was required to be made from this group of three.

been required to adopt the banding method by orders of the district court, but that the civil service commission's new procedure for establishing the eligibility list had resulted in his not being considered for promotion even though he had the highest score on the test. He also asserted that if the chief of police's recommendations for promotions were followed there would be no vacancies in the rank of lieutenant that he could fill. The complaint sought an injunction to prohibit the civil service commission from making changes in eligibility list criteria once a promotion list had been established and from using the category "eligible, but not promotable"; a determination that Striff was suitable for promotion; and an injunction "enjoining the Defendants from making any promotions using anyone else's score as the basis of the Band except Plaintiff's until Plaintiff has been promoted."

The state court issued a temporary restraining order the same day prohibiting any promotions to the position of lieutenant. The order was to expire fourteen days after entry. The defendants, who are the chief of police, members of the civil service commission and other city officials, filed a petition for removal in the district court on January 23, and the case was assigned to Judge Young. In their removal petition the defendants stated that the promotion of two minority patrolmen to sergeant had been recommended by the chief of police, but the injunction against promoting any one to lieutenant meant there would be no vacancies in the rank of sergeant. The petitioners stated that the chief of police had recommended the two minority officers for promotion in an attempt to comply with the consent decree in No. 73–327. They asserted that the restraining order frustrated the intent and effort of the defendants in carrying out the requirements of the consent decree. The defendants based their entitlement to removal on 28 U.S.C. § 1443(2) and 28 U.S.C. § 1441(b).

## B.

Striff filed motions to remand and to extend the temporary restraining order and the defendants responded with motions to dissolve the order and to dismiss the action under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim. The district court noted that the temporary restraining order had expired and that the defendants had made the promotions sought to be restrained. Thus, the motions related to that order were moot.

In denying Striff's motion to remand the case to the state court, Judge Young noted the comprehensiveness of the consent decree in dealing with all matters related to promotions within the police department. In his unpublished opinion and order dismissing the complaint, Judge Young wrote, "[i]f the plaintiff were granted the relief he seeks in this action, the defendants would be interfered with in or prevented from performing their duties under the Court's decree. The action is a collateral attack upon the consent decree, and as such, it cannot be maintained." The opinion continued:

The basic issue in this action is securing the ultimate elimination of discrimination throughout the Toledo Police Division. This involves all promotions in that division, past, present and future. Promotion is a continuous process in which any particular promotion affects all subsequent promotions and the racial balance of the Police Division, and, *ipso facto*, the carrying-out of this Court's orders.

The plaintiff's problems cannot be detached from the litigation in this Court, or considered to be isolated from it. Hence any attempt to raise them indirectly or in some other tribunal is an impermissible attack on the orders and jurisdiction of this Court.

It is also clear that this Court's consent decree is based upon the Constitution and laws of the United States. The decree is designed to remedy past discrimination in promoting in the Toledo Police Division, and at the same time to interfere as little as possible with the discretion of the defendant Chief of Police and the other defendants to exercise their lawful power and duty to promote

the best-qualified persons. Civil service is an inherently discriminatory system, in spite of attempts by such euphemisms as "merit system" to disguise its basic nature. It is a difficult and complicated task to prevent civil service from promoting and protecting discrimination on grounds of race, religion, sex, or age without interfering with its basic purpose of getting and keeping the best-qualified employees. To permit disgruntled employees to disrupt these delicate adjustments and balances when they do not appear to their superiors to be as well qualified as they appear to themselves to be subverts the entire system.

## III.

## A.

As pertinent here, 28 U.S.C. § 1441(b) provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

The defendants argued, and the district court agreed, that Striff's lawsuit was properly removed because the district court would have had original jurisdiction under the "arising under" provision of § 1441(b). Striff, on the other hand, has maintained throughout the proceedings that he properly sued in state court to require city officials to follow established procedures and place his name back at the top of the eligibility list for promotion. He insists that his action did not arise under the Constitution or laws of the United States, but was simply a suit to require the civil service commission to follow its own rules. He was proceeding under state law, he asserts, and was not attempting to frustrate the operation of the consent decree.

## B.

■ The general rule is that the federal question must appear in a well-pleaded complaint for an action to be removable as one arising under the Constitution or laws of the United States. 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.160[3.-1] (2d ed. 1987). Relying on this rule, Striff contends that his complaint made no references to the Constitution or any federal laws, and sought no relief under them. This argument overlooks the fact that the complaint stated that the rule of three had been replaced by banding because the old method "was deemed in violation of Federal law," and that the civil service commission was "required" to adopt the new method based on the consent decree. Thus, the complaint identified the right he seeks to enforce—his eligibility for promotion under the banding system—as being required by a court decree designed to bring the practices of the police department into compliance with federal civil rights laws.

Striff might have sought nothing more than a declaratory judgment that the action of the civil service commission in applying changed eligibility requirements under the banding method retroactively was improper and that he was a suitable person for promotion. However, what he actually sought, and received under the state court's temporary restraining order, was a complete cessation of all promotions to lieutenant. Since the consent decree covered all promotions and "the racial balance of the Police Division," its operation clearly was affected by the restraining order. The complaint also sought preliminary and permanent injunctions to the same effect. We conclude that the complaint demonstrates that Striff's claim was based on the banding method of selection for promotion that derived from the settlement of a federal action and that the relief he sought had a direct and adverse impact upon the federal court decree enforcing federal civil rights laws.

■ The "well-pleaded" complaint rule is not absolute. As Professor Moore points out, an action may be removed "where the real nature of the claim asserted in the complaint is federal, irrespective of whether it is so characterized." *Id.* at ¶ 0.060[3.-3]. In *Federated Department Stores v. Moitie*, 452 U.S. 394, 101 S.Ct.

2424, 69 L.Ed.2d 103 (1981), the Supreme Court accepted the finding of the district court and court of appeals that a plaintiff had attempted to avoid removal by artful pleading that cast "essentially federal law claims" in state law terms. The Supreme Court agreed "that at least some of the claims had a sufficient federal character to support removal." *Id.* at 397 n. 2, 101 S.Ct. at 2427 n. 2.

Without determining whether Striff actually sought to avoid removal by deliberately attempting to disguise the nature of his claim, we think it is clear from the complaint that at least his claim that there should be no promotions to lieutenant so long as he was held to be ineligible "had a sufficient federal character to support removal." Having concluded that the case was removable under § 1441(b), we need not consider whether § 1443(2) also provided a vehicle for removal.

#### IV.

 It is well settled that legal actions which constitute collateral attacks on consent decrees entered in civil rights cases are not permitted. *Black & White Children of Pontiac School System v. School District of the City of Pontiac,* 464 F.2d 1030 (6th Cir.1972); *Dennison v. City of Los Angeles Department of Water and Power,* 658 F.2d 694 (9th Cir.1981); *Thaggard v. City of Jackson,* 687 F.2d 66 (5th Cir.1982), *cert. denied,* 464 U.S. 900, 104 S.Ct. 255, 78 L.Ed.2d 241 (1983); *Marino v. Ortiz,* 806 F.2d 1144 (2d Cir.1986), *aff'd by equally divided Court,* — U.S. —, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988). Where an action appears to involve issues unrelated to a consent decree, but examination of the substance of the claim reveals that a consent decree is implicated and its implementation would be adversely affected, the action is properly considered a collateral attack on the decree. *Dennison,* 658 F.2d at 695; *Thaggard,* 687 F.2d at 68.

We conclude that the district court correctly treated the instant action as a collateral attack on the consent decree, at least to the extent that it sought to prohibit all promotions to lieutenant until Striff re-

ceived such a promotion. We believe the district court erred, however, in determining that neither it nor the state court had authority to consider Striff's claim that the civil service commission acted illegally in changing the listing requirements after an eligibility list had been established and his request for a finding that he is a suitable person for promotion. Rather than dismissing the entire action for failure to state a claim, the district court should have permitted Striff to intervene in No. 73–327 to present this claim and request. *Black & White Children of Pontiac,* 464 F.2d at 1030; *Thaggard,* 687 F.2d at 68. If the court should find merit in Striff's position, it can fashion a suitable remedy that is compatible with the provisions of the consent decree.

The judgment of the district court is affirmed in part, vacated in part and remanded for further proceedings.