977 F.2d 573
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Phillip MORRIS; David L. Tucker, Plaintiffs-Appellants,
v.
THE POLICE CIVIL SERVICE COMMISSION FOR THE CITY OF
CHARLESTON, and its members; Charles H. James, III; Harold
R. Neal; Robert D. Pennington; City of Charleston, a
municipal corporation; Charles R. Gardner, in his official
capacity as Mayor of the City of Charleston; The Chief of
Police of the City of Charleston, Defendants-Appellees.
 No. 91-1660.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 30, 1992
Decided: October 20, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CA-91-366-2)
 Michael T. Clifford, Clifford & Mann, L.C., Charleston, West Virginia, for Appellants.
 Steven P. McGowan, Andrew L. Paternostro, Steptoe & Johnson, Charleston, West Virginia, for Appellees.
 S.D.W.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 David Tucker and Phillip Morris appeal from an order of the district court denying their Motion to Remand and granting Defendants' Motion to Dismiss their action which was removed from the Circuit Court of West Virginia. Although the district court properly declined to remand this case to state court, we find that this action is not barred under the doctrine of res judicata.
 
 
 2
 Tucker and Morris are both white police officers employed by the Charleston, West Virginia, Police Department. Tucker is a twentyfive year veteran and Morris has nineteen years of experience. In 1989, both applied for but did not receive promotions in the department, even though they were ranked for promotion on departmental promotion eligibility lists. They mounted a collateral attack on a federal consent decree regulating promotions asserting that the mandate of the decree violated state law and civil service regulations. This litigation culminated in Tucker v. City of Charleston, No. 90-1872 (4th Cir. Oct. 22, 1991) (unpublished), in which this Court affirmed a district court order upholding the consent decree.
 
 
 3
 Following the district court's decision in the above litigation, Tucker and Morris filed a Petition for Declaratory and Injunctive Relief in West Virginia Circuit Court seeking to prevent the Defendants from making further promotions out of existing eligibility lists. In their petition, Plaintiffs alleged that the eligibility lists had been altered, although no subsequent evaluations for merit and fitness were made after the previous promotions from the list. They also asserted that anticipated promotions from the list would violate state law requiring promotions to be made on the basis of merit and fitness, and that the eligibility list became void as a matter of state law at the time of previous promotions from the list. After the circuit court granted Plaintiffs' ex parte motion for a temporary injunction, Defendants removed the action to federal district court.
 
 
 4
 Tucker and Morris filed a motion to remand, and Defendants filed a motion to dismiss. The district court held that the case was res judicata, based upon Plaintiffs' previous challenge to the consent decree. Plaintiffs filed a timely appeal from the district court's denial of their motion to remand and its dismissal of the case.
 
 
 5
 "There are three elements necessary to trigger claim preclusion by res judicata: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990) (citing cases). There is no real question but that the final judgment entered by the district court, and affirmed in Tucker v. City of Charleston, is a final judgment on the merits involving the same parties as those involved in the instant case.
 
 
 6
 Plaintiffs assert that this case is not a subsequent suit based on the same cause of action because the claim that the eligibility list has expired did not exist at the time of the first suit and could not have been offered in the same cause of action. See Aliff, 914 F.2d at 43-44. They point out that the promotions which they assert invalidated the eligibility list did not take place until after the pronouncement of the original district court decision.
 
 
 7
 The Defendants respond that the injunctive relief requested would thwart the remedial measures that the decree was designed to implement, and represents a collateral attack on the consent decree. This argument does not address Plaintiffs' contention that the issue of the expiration of the eligibility list was not in existence before the district court's earlier decision. See In re Birmingham Reverse Discrimination Employment Litig., 833 F.2d 1492, 1498 (11th Cir. 1987) (preclusive effect of consent decree is governed by the same principles of res judicata as ordinary judgments), aff'd, Martin v. Wilks, 490 U.S. 755 (1989). The language of the federal consent decree also does not clearly address the issue of the expiration of the eligibility lists. Because it appears from the record that the factual basis for this claim was not available to the Plaintiffs at the time of the earlier litigation, the doctrine of res judicata does not preclude the presentation of this claim in the instant case. See Aliff, 914 F.2d at 43-44; Peugeot Motors of Am., Inc. v. Eastern Auto Distribs., Inc., 892 F.2d 355, 359 (4th Cir. 1989), cert. denied, 58 U.S.L.W. 3817 (U.S. 1990).*
 
 
 8
 The general rule that a federal question must appear in a wellpleaded complaint for an action to be removable does not prevent removal where the real nature of the claim asserted is federal, irrespective of whether it is so characterized. See Striff v. Mason, 849 F.2d 240, 244-45 (6th Cir. 1988). On its face, Plaintiffs' complaint purports to raise only issues of state law. Nevertheless, the subject matter of the complaint was the promotion eligibility list for members of the City of Charleston Police Department, which is governed by a federal decree designed to bring the promotion practices into compliance with federal civil rights laws. Id. at 244. Plaintiffs had received an injunction in state court temporarily preventing the City from making promotions based on current eligibility lists prepared under the terms of the decree. Because this relief could have a direct effect upon the implementation and enforcement of federal law, the case had a sufficient federal character to support removal. Id. at 244. The district court did not err in denying Plaintiffs' Motion to Remand.
 
 
 9
 We therefore affirm the district court's denial of Plaintiff's motion to remand, vacate the district court's dismissal on the basis of res judicata, and remand this case for further proceedings consistent with this opinion.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 The factual basis for Plaintiffs' claim that the eligibility lists have been altered also appears to have been unavailable before a final judgment was entered in the district court. This claim therefore may also be litigated in the instant action