Tanya NEICK, et al., Plaintiffs,

v.

CITY OF BEAVERCREEK,
et al., Defendants.

No. C–3–02–345.

United States District Court,
S.D. Ohio,
Western Division.

Jan. 14, 2003.

Adam J. Hall, Richard Donovan Schuster, Vorys Sater Seymour & Pease, Columbus, OH, for Plaintiffs.

Philip Barton Herron, Matthew D. Stokely, Altick & Corwin, Samuel Edward Calabrese, Roger John Makley, John C. Chambers, Coolidge Wall Womsley & Lombard, Dayton, OH, for Defendants.

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION FOR REMAND (DOC. # 6); CAPTIONED CAUSE IS REMANDED TO THE GREENE COUNTY COURT OF COMMON PLEAS; JUDGMENT TO BE ISSUED ACCORDINGLY; TERMINATION ENTRY

RICE, Chief Judge.

Plaintiffs Tanya Neick, Robert Neick, Aloys T. Nienhaus, and Randall Lee Amstutz ("Plaintiffs") each own property on Wagner Road in the City of Beavercreek, Ohio. Defendant Midwest Realty Management Co. ("Midwest") is the owner of three parcels of land, approximately 30.51 acres, located in Beavercreek between Interstate 675, Tollhouse Road and Wagner Road ("Property"). Midwest has contracted to sell the Property to Pedcor Investments ("Pedcor"), contingent upon the Property being rezoned to permit the construction of apartments. Pedcor applied to the Beavercreek Planning Commission for a change in zoning from A–1 Agricultural to Residential Planned Unit Development ("R–PUD"), and the change was approved. On October 14, 1997, the City Council adopted Ordinance 97–51, effectuating the rezoning. After the Ordinance was passed, but before it took effect, citizens of Beavercreek collected signatures and filed a petition to have Ordinance 97–51 put to a referendum during the May, 1998, election. The Ordinance was defeated during that election, thus defeating the re-zoning initiative.

On July 13, 1998, Midwest filed suit against the City of Beavercreek in this Court ("Midwest lawsuit"), alleging that the A–1 zoning was arbitrary, that the referendum resulted in a taking, that the referendum violated 42 U.S.C. § 1983, and that the referendum violated the Equal Protection Clause of the United States Constitution.[1] (*Midwest Realty Mgmt. Co. v. City of Beavercreek*, Case No. C–3–98–294, at Doc. # 1). Upon the consent of the parties, the case was referred to Magistrate Judge Merz. After negotiations, the parties reached a settlement, and they drafted an Agreed Order. On February 12, 2001, the Beavercreek City Counsel adopted Resolution No. 01–5, entitled A Resolution Approving and Authorizing Execution of an Agreed Order Upon Settlement of Litigation in the Matter of Midwest Realty Management Company, which expressly approved and accepted the Agreed Order as settlement of the Midwest lawsuit. On May 3, 2001, the action was conditionally dismissed with prejudice, providing that any of parties might, upon good cause shown not later than June 4, 2001, reopen the action if settlement was not consummated (*Id.* at Doc. # 22). Magistrate Judge Merz further stated that the parties could substitute a judgment entry contemplated by the settlement agreement, upon approval by the court.

On June 4, 2001, Plaintiffs sought to intervene as Defendants in the Midwest lawsuit, asserting that the Resolution and the Agreed Order violated the City of Beavercreek's City Charter and Zoning Code (*Id.* at Doc. # 23). On June 28, 2001, Midwest and the City of Beavercreek submitted the Agreed Order to Magistrate Judge Merz (*id.* at Doc. # 27). On March 7, 2002, the Magistrate Judge denied Plaintiff's motion to intervene (*id.* at Doc. # 39), and, on the same date, he signed the Agreed Order (*id.* at Doc. # 40). Magistrate Judge Merz did not address the merits of Plaintiffs' claims. On April 8, 2002, Plaintiffs appealed the denial of their motion to intervene to the Sixth Circuit Court

---

**1.** Midwest also sued the State of Ohio. The State was dismissed from the lawsuit on September 28, 1998 (Case No. C–3–98–294 at Doc. # 10).

of Appeals (*id.* at Doc. # 43). That appeal remains pending.

On June 21, 2002, Plaintiffs sent correspondence to the Beavercreek Director of Law, asserting that the Agreed Order violates City Charter §§ 5.01 and 5.02 and the City's Zoning Code. When Plaintiffs received no response, they initiated the instant litigation, on June 26, 2002, by filing suit against the City of Beavercreek and Midwest in the Greene County Court of Common Pleas, requesting declaratory judgments and injunctive relief, to wit: (1) a declaratory judgment that Resolution No. 01–5 contravenes Beavercreek City Charter § 5.01 and is therefore invalid, because it establishes a permanent rezoning; (2) a declaratory judgment that Resolution No. 01–5 contravenes § 5.02 of the City Charter, because the rezoning was effectuated by resolution, rather than ordinance, and that the Property remains zoned A–1; (3) a declaratory judgment that Resolution 01–5 is invalid for failure to follow the requirements of Zoning Code § 158.065; (4) a declaratory judgment that by taking immediate effect Resolution 01–5 denies Plaintiffs their right of referendum, as guaranteed by the Ohio Constitution, Art. II § 1f; and (5) a request for an injunction, restraining Defendants from effectuating Resolution No. 01–5 and the Agreed Order (Doc. # 1). On July 26, 2002, Defendants removed the action to this Court, alleging that the Court has federal question subject matter jurisdiction.

Pending before the Court is Plaintiffs' Motion for Remand (Doc. # 6).[2] For the reasons assigned, Plaintiffs' Motion is SUSTAINED.

The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter juris-

diction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). This is no less true where, as here, it is the defendants, rather than the plaintiffs, who seek the federal forum. *E.g., Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir.1996). When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. *Amen v. City of Dearborn*, 532 F.2d 554, 560 (6th Cir.1976). The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir.1993). The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citations omitted). The court may consider such evidence without turning the motion into one for summary judgment. *Id.*

In their Motion, Plaintiffs argue that removal of this action to this Court was improper, because their Complaint is based exclusively on state law claims regarding Beavercreek's City Charter and Zoning Code and the Ohio Constitution. Plaintiffs state that there is no diversity of citizenship. They further assert that they have not raised any federal claims and, therefore, absent complete preemption of their state law claims, federal question subject matter jurisdiction is lacking.

In response, Defendants assert that Plaintiffs are attempting to have a state court invalidate a federal court order, *i.e.,* the Agreed Order, and to enjoin Beavercreek's performance under that order.

---

2. Also pending before the Court are Defendants' Motions to Dismiss or, in the alternative, to Stay Proceedings (Doc. # 4, Doc. # 5).

Because this Court lacks subject matter jurisdiction over this action, Defendants' Motions will not be addressed.

They note that Plaintiffs' Prayer for Relief in their Complaint specifically requests the Court to "[d]eclare that, because of Resolution No. 01–5's invalidity, the settlement agreement between the City of Beavercreek and Midwest is void." (Doc. # 1 at 11). Defendants thus argue that, because Plaintiffs' claims attack the integrity of a federal court order, those claims arise under federal law. Defendants further argue that the All Writs Act, 28 U.S.C. § 1651(a), permits this Court to exercise jurisdiction over Plaintiffs' claims.

28 U.S.C. § 1441(a) permits removal of any state court civil action over which a federal district court would have original jurisdiction. Because Defendants are citizens of Ohio and, further, because the parties are not diverse, the instant action could not be removed based on diversity of citizenship. Accordingly, removal under § 1441(a) is authorized only if Plaintiffs' well-pleaded complaint presents a federal question. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The "well-pleaded complaint rule" provides that "the plaintiff is the master of the complaint, that [for removal to be proper] a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir.1995)(en banc).

■ While it is clear that federal courts have subject matter jurisdiction over claims which are created by a federal statute, the Supreme Court has also recognized that a case may arise under federal law "where the vindication of a right under

state law necessarily turned on some construction of federal law."[3] *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Merrell Dow Pharmaceuticals, Inc., v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). As summarized recently by the Sixth Circuit,

> [The Supreme Court] clearly left open the possibility of federal jurisdiction even in the absence of an express or implied federal cause of action, if a substantial federal question of great federal interest is raised by a complaint framed in terms of state law, and if the resolution of that federal question is necessary to the resolution of the state law claim.

*Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 759 (6th Cir.2000). Following this standard, the Court may have subject matter jurisdiction over Plaintiff's claims if they require resolution of a substantial question of federal law. Thus, in the Sixth Circuit, "a state law claim ostensibly presenting only state law claims is not removable, absent diversity, unless 'some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims or if the plaintiff's claim is really one of federal law....'" *XL Sports, Ltd. v. Lawler*, 49 Fed.Appx. 13 (6th Cir.2002) (citation omitted).

■ As noted by Defendants, the Sixth Circuit, in very limited circumstances, has found removal to federal court to be proper when the plaintiff's cause of action conflicts with the requirements of a federal consent decree. In *Striff v. Mason*, 849 F.2d 240, 244 (6th Cir.1988), overruled on other grounds by *Martin v. Wilks*, 490

---

**3.** To make clear, a state law claim which "arises under" federal law remains a state law claim. Unlike claims which are completely preempted, *i.e.*, claims within the purview of § 1132(a) of the Employee Retirement Income Security Act or § 301 of the Labor Management Relations Act, they are not converted into claims under a federal statute. Rather, they remain state law claims over which federal courts have original jurisdiction.

U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989),[4] the court of appeals held that the plaintiff's claims arose under federal law, because the plaintiff's claims "derived from the settlement of a federal action and ... the relief he sought had a direct and adverse action upon the federal court decree." *Id.* at 244–45. In *Sable v. General Motors Corp.*, 90 F.3d 171 (6th Cir. 1996), the Sixth Circuit likewise held that a landfill owner's state law claims arose under federal law, because he sought relief that conflicted with a federal consent decree concerning the property.[5] In that case, the United States Environmental Protection Agency ("EPA") brought an enforcement action against the estate of the owner of a landfill and companies who allegedly deposited chemicals on his property, pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). In his settlement with the EPA, the property owner agreed both to pay $200,000 for the EPA's cleanup efforts, and that the use of his land would be restricted for the next 10,-000 years. In separate consent orders, the companies agreed to pay $40 million to design a system to contain the chemicals on the site, rather than removing them. Following the settlements, the landowner sued the companies, claiming that they breached their duty to remove all of the contaminants and that he was entitled to damages for the loss of the use of his land, due to deed restrictions in his consent order with the EPA. After removal by the defendants, the plaintiff sought remand to state court. On appellate review of the district court's denial of the plaintiff's motion, the Sixth Circuit held that the plaintiff's claims, although couched in terms of state law, arose under federal law, reasoning:

> [P]laintiff's complaint seeks a remedy that is in direct conflict with a federal consent decree. Defendants entered into a consent agreement in which they agreed to spend $40 million to contain the chemicals on the property. The consent decree specifically rejects the option of removing the chemicals. Since plaintiff seeks relief that conflicts with the consent decree, plaintiff's claims arise under federal law.

*Id.* at 174. As an alternative basis for finding federal subject matter jurisdiction, the court of appeals stated that the district court's decision to keep the plaintiff's action in federal court was supported by the All Writs Act, 28 U.S.C. § 1651(a). The court explained:

> The Supreme Court has "repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued ..." Moreover, "[t]he power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice...."

*Id.* at 175 (citations omitted). Because the plaintiff's requested relief would seriously interfere with the provisions of the consent agreements, the Sixth Circuit concluded that the district court could assert jurisdiction over the plaintiff's claims, pursuant to the All Writs Act. *Id.*

---

**4.** After concluding that removal was proper, the *Striff* court held that a third party could not collaterally attack a consent decree. The Supreme Court in *Martin* later held that such attacks are permissible. *Martin* has been overruled, in part, by § 108 of the Civil Rights Act of 1991. *See* 42 U.S.C.A. § 2000e–2(n).

**5.** The action was brought by the estate of the landowner.

Since *Sable*, however, the Supreme Court has held that the All Writs Act does not confer federal subject matter jurisdiction on federal courts and, therefore, it cannot confer the original jurisdiction required to support removal pursuant to § 1441. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 123 S.Ct. 366, 370, 154 L.Ed.2d 368 (2002). The Court further held that the federal district court's retention of jurisdiction over the primary case, *i.e.*, the case in which the consent order was issued, did not confer removal jurisdiction over case before it. *Id.* Based on this Supreme Court precedent, Defendants herein cannot base removal of Plaintiffs' action on the All Writs Act.

In *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), the Supreme Court further held that the preclusive nature of prior federal court orders could not provide a basis for federal question jurisdiction. In that case, after a partnership mortgaged its interest in the Louisiana equivalent of a leasehold estate to Regions Bank of Louisiana (Bank), the partnership granted a second mortgage to the petitioners, and later filed for bankruptcy. The Bankruptcy Court approved a sale of the leasehold estate to the Bank. Thereafter, the Bank acquired the underlying land and sold the entire property to respondent Fountainbleau Storage Associates (FSA). The petitioners then filed suit in Louisiana state court, alleging that transfer of the property without satisfying their rights under the second mortgage violated state law. The action was removed to federal court, on the ground that federal-question jurisdiction existed, because prior Bankruptcy Court orders extinguished petitioners' rights.

Upon review of the district court's refusal to remand and the Fifth Circuit's affirmance of that decision, the Supreme Court reiterated that an action cannot be removed to federal court based on a federal defense. In addressing the respondents' basis for removal (*i.e.*, that the plaintiffs' claims were precluded by the Bankruptcy Court orders), the Court noted that, despite the reliance on those court orders, the defendants were asserting claim preclusion, which is an affirmative defense. It further stated that, under the well-pleaded complaint rule, preclusion remains a defensive plea involving no recasting of the plaintiff's state law claims into federal claims, and, therefore, it is not a proper basis for removal. *Id.* at 476–77, 118 S.Ct. 921.

In *XL Sports, supra*, the Sixth Circuit has recognized the vastly diminished vitality of *Striff* and its progeny. Although the court of appeals did not overrule *Striff*, it stated:

> Caselaw subsequent to *Striff* makes it clear that although the claim in that case appeared to be predicated on state law, the law that Striff sought to invoke was in fact "the product of the federal consent decree." At best, then, *Striff* represents a narrow exception to our general rule that "[a]bsent complete pre-emption, the plaintiffs in a nondiversity action are masters of their complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law."

49 Fed.Appx. at 19 (citations omitted). The court of appeals further recognized, however, that it has stated that "[t]he only exception to the well-pleaded complaint rule is the doctrine of complete preemption." *Id.* at n. 4. It noted that *Striff* "is obviously in some tension with such statements." *Id.*

Herein, Plaintiffs have sought to invalidate Resolution No. 01–5 solely on the basis of state law. Although the Resolution approved and accepted the Agreed Order as settlement of the Midwest law-

suit, Plaintiffs allege that the terms of that *Resolution* violate the City of Beavercreek's City Charter and its Zoning Code. They have not alleged that the Resolution violates any federal law, and the Court finds no basis for recasting Plaintiffs' state law claims as federal law claims. In other words, the Court finds that no substantial, disputed question of federal law has been raised by Plaintiffs' Complaint.

Defendants argue that Plaintiffs are challenging the Agreed Order itself, because in paragraph E of their Prayer for Relief, they request a declaration that "because of Resolution No. 01–5's invalidity, the settlement agreement between the City of Beavercreek and Midwest is void." Although such a request could be considered a collateral attack on the Agreed Order, the Court notes that Plaintiffs' individual claims for declaratory judgment (Counts One through Four) request declarations related to the Resolution only. In light of the Supreme Court's holding that the All Writs Act (which permits federal courts to issue such commands as may be necessary or appropriate to effectuate and prevent the frustration of its orders) does not provide a basis for federal subject matter jurisdiction and the questionable viability of the *Striff* and *Sable* holdings, the Court cannot conclude that Plaintiffs' challenge to Resolution No. 01–5, which adopts the Agreed Order, arises under federal law. Consequently, the Court lacks subject matter jurisdiction over this action. Plaintiffs' Motion for Remand (Doc. # 6) is SUSTAINED.[6]

For the foregoing reasons, Plaintiffs' Motion for Remand (Doc. # 6) is SUSTAINED.

The captioned cause is REMANDED to the Greene County Court of Common Pleas.

Judgment is to enter accordingly.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

**6.** The Court acknowledges that, upon remand, the state court may determine that Resolution No. 01–5, incorporating the Agreed Order, does not comport with state law and is, consequently, void. It may further grant Plaintiffs' request for an injunction, restraining Defendants from effectuating Resolution No. 01–5 and, consequently, the Agreed Order (see Count Five of the Complaint). Faced with such an injunction, it is also conceivable that Defendants herein would seek to enjoin the state court action, pursuant to the All Writs Act. Although these potential events raise interesting questions regarding the delicate balance between the federal and state judicial systems, the Court need not delve into such hypotheticals at this time.