# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2023

Lyle W. Cayce
Clerk

———————

No. 23-30459
Summary Calendar

———————

RAOUL A. GALAN, JR.,

*Plaintiff—Appellant*,

*versus*

DEEPWATER HORIZON MEDICAL BENEFITS SETTLEMENT
CLAIMS ADMINISTRATOR,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-109

_____

Before DENNIS, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

   Plaintiff-Appellant Raoul A. Galan, Jr., proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his suit against the *Deepwater Horizon* Medical Benefits Settlement Claims Administrator (the "Administrator"),

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the court's refusal to grant a default judgment against the Administrator, and the court's denial of his motion for reconsideration.

Galan alleged that he received a letter from the Administrator, notifying him of a personal data breach. The last section of the letter concerned "[a]ny follow up questions." Galan sought clarification by calling and mailing a letter. When his efforts were unsuccessful, and with "his depression . . . now peeking [sic] due to this reckless tort damage," Galan filed this lawsuit against the Administrator and its third-party contractor Graphic Village. Galan's later filings identified his tort claim as one of negligence. Galan sought "damages of the total sum from BP of both economic and medical settlements including the four separate moratorium claims of said Plaintiff and his entities beginning April 20, 2010 to present date."[1] After service of process, Graphic Village appeared and filed a motion to dismiss the claim against it for lack of subject-matter jurisdiction, which the district court, finding no federal question or diversity jurisdiction, granted after Galan was unable to cure the jurisdictional deficiencies by amending his complaint.[2] The Administrator never appeared, and the Clerk of Court entered default against it. Galan moved for entry of default judgment against the Administrator, but the district court *sua sponte* dismissed his claim against the Administrator as frivolous, finding the allegation that failure to

---

[1] We previously affirmed the Administrator's determination that Galan did not qualify for class membership under the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement. *LMPC0402457 v. BP Expl. & Prod., Inc.*, No. 20-30502, 2022 WL 1404317 (5th Cir. May 4, 2022) (unpublished). We also previously dismissed as untimely Galan's appeal of the district court's dismissal of his claims regarding the *Deepwater Horizon* Economic and Property Damages Settlement Agreement. *In re Deepwater Horizon*, 765 F. App'x 980, 981 (5th Cir. 2019) (unpublished).

[2] Galan does not dispute the dismissal of Graphic Village in this appeal. A prior appeal raising this issue was dismissed for want of prosecution. *Galan v. Graphic Vill.*, No. 21-30226, 2022 WL 1732279 (5th Cir. Mar. 7, 2022) (unpublished).

clarify a letter would result in tortious damages had no basis in law or fact. Galan moved for reconsideration, which the district court denied. Galan timely appealed.

Before we may proceed to the merits of this appeal, we have "an independent obligation" to assure ourselves of our subject-matter jurisdiction. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction . . . ." (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998))). "Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The burden of establishing federal jurisdiction rests on the party seeking the federal forum"—here, Galan. *Id.* at 919. Galan's complaint does not invoke a certain jurisdictional provision, and we are unable to determine jurisdiction exists based on his allegations.

We have jurisdiction over cases presenting a federal question, which are those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. We also have jurisdiction over cases in admiralty. 28 U.S.C. § 1333(a). The allegations in Galan's complaint raise no colorable issue of federal or maritime law. Further, it makes no difference that the Administrator was created by the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, which arose out of a case in the district court brought under §§ 1331 and 1333, and over which the district court has retained jurisdiction. *See, e.g.*, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*, No. 10-md-2179, slip op. at 7 (E.D. La. Jan. 11, 2013), ECF No. 8218. The focus of subject-matter jurisdiction is the "category of the claim in the suit," *see Sinochem*, 549 U.S. at 431, and Galan's claim here is for negligence in handling personal data and

responding to requests for clarification, which does not implicate the Settlement Agreement, *cf. Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (explaining we have jurisdiction over state-law causes of action that necessarily present a substantial issue of federal law); *L.A. Police Dep't Protective League v. City of L.A.*, 314 F. App'x 72, 74 (9th Cir. 2009) (unpublished) (applying this principle to a case implicating a court-supervised consent decree); *Morris v. Police Civ. Serv. Comm'n for the City of Charleston*, 977 F.2d 573 (6th Cir. 1992), 1992 WL 296554, at *2 (unpublished) (same).

In order to invoke diversity jurisdiction under 28 U.S.C. § 1332(a), Galan must allege (1) complete diversity of citizenship between the parties, and (2) that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). The party asserting jurisdiction "must distinctively and affirmatively allege [] the citizenship of the parties." *Smith v. Toyota Motor Corp.*, 978 F.3d 280 (5th Cir. 2020) (alteration in original) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)). Here, Galan's complaint is silent as to the citizenship of the parties. Regarding the amount in controversy, when, as here, "the plaintiff has alleged an indeterminate amount of damages," we "first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount," and if it is not thus apparent, we may look to "summary-judgment type" evidence in the record to ascertain the amount in controversy. *St. Paul Reinsurance*, 134 F.3d at 1253 (first citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995); and then citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). Plaintiff's vague allegations do not show the amount in controversy exceeds $75,000, and he has offered no evidence to clarify the amount.

No. 23-30459

The judgment of the district court is therefore **VACATED**, and this case is **REMANDED** with an instruction that the district court dismiss this case without prejudice for lack of subject-matter jurisdiction.